

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
APR 16 2008
APR 16 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

W I L L I A M    D U K E S
_____
_____
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

THOMAS DART, SHERIFF
SALVADORE GODINEZ, EXECUTIVE DIRECTOR COOK COUNTY DEPARTMENT OF CORRECTIONS (CCDOC)
SUPERINTENDENT SNOOKS, (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
SUPERINTENDENT TURNER, (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
SUPERINTENDENT SALAZAR, (CURRENT) SUPERINTENDENT DIVISION 9, CCDOC
CHIEF MILLER, FORMER CHIEF OF SECURITY DIVISION 9, CCDOC
JOHN/JANE DOE DIRECTOR C.Q.I. SERVICES, CERMAK HEALTH SERVICES
JANE DOE DENTAL TREATMENT PROVIDER (DENTIST)
JOHN DOE DENTAL TREATMENT PROVIDER (DENTIST)
JANE DOE DENTAL ASSISTANT
DOCTOR KHAN MEDICAL TREATMENT PROVIDER (MEDICAL DOCTOR)
JOHN AND JANE DOE MEDICAL STAFF (MEDICAL ASSISTANTS, TECHNICIANS, PARAMEDICS) (DIVISION 9)
PARAMEDIC (MR.) PATTON DIVISION 9, CCDOC
SERGEANT CALVIN, OD DIVISION 9, CCDOC
OFFICER LEIGH, DIVISION 9, CCDOC

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV2163
JUDGE COAR
MAG. JUDGE MASON

Case No._____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

__XXX__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I.    **Plaintiff(s):**

    A.    Name: __WILLIAM DUKES__

    B.    List all aliases: __N / A__

    C.    Prisoner identification number: __# 2005 – 0022546__

    D.    Place of present confinement: __COOK COUNTY DEPARTMENT OF CORRECTIONS__

    E.    Address: __P.O. BOX 089002 ( 2600 S. CALIFORNIA AV.) / CHICAGO , ILLINOIS / 60608__

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.    Defendant: __THOMAS DART__

        Title: __SHERIFF , COOK COUNTY , ILLINOIS__

        Place of Employment: __COOK COUNTY SHERIFF'S DEPARTMENT DALEY CENTER, SUITE 704 / CHICAGO, ILLINOIS / 60602__

    B.    Defendant: __SALVADORE GODINEZ__

        Title: __EXECUTIVE DIRECTOR COOK COUNTY DEPARTMENT OF CORRECTIONS__

        Place of Employment: __COOK COUNTY DEPARTMENT OF CORRECTIONS 2700 S. CALIFORNIA AV./CHICAGO , ILLINOIS /60608__

    C.    Defendant: __SUPERINTENDENT SNOOKS__

        Title: __(PRIOR) SUPERINTENDENT , DIVISION 9__

        Place of Employment: __COOK COUNTY DEPARTMENT OF CORRECTIONS 2700 S. CALIFORNIA AV./CHICAGO , ILLINOIS / 60608__

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

2

II. DEFENDANTS (continued)

    D. DEFENDANT: MR. TURNER

       TITLE: (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
              COOK COUNTY DEPARTMENT OF CORRECTIONS
       PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    E. DEFENDANT: MR. SALAZAR

       TITLE: (CURRENT) SUPERINTENDENT DIVISION 9, CCDOC
              COOK COUNTY DEPARTMENT OF CORRECTIONS
       PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    F. DEFENDANT: MR. MILLER

       TITLE: (FORMER) CHIEF OF SECURITY, DIVISION 9, CCDOC
              COOK COUNTY DEPARTMENT OF CORRECTIONS
       PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    G. DEFENDANT: JOHN/JANE DOE

       TITLE: DIRECTOR C.Q.I. SERVICES FOR CERMAK HEALTH SERVICES
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    H. DEFENDANT: JANE DOE

       TITLE: DENTAL TREATMENT PROVIDER (DENTIST) DIVISION 9, CCDOC (MAR 06 TO APR 07)
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    I. DEFENDANT: JOHN DOE

       TITLE: DENTAL TREATMENT PROVIDER (DENTIST) DIVISION 9, CCDOC (APR 2007)
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    J. DEFENDANT: JANE DOE

       TITLE: DENTAL ASSISTANT, DIVISION 9, CCDOC (MAR 06 TO APR 07)
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    K. DEFENDANT: DOCTOR KHAN

       TITLE: MEDICAL TREATMENT PROVIDER (DOCTOR) DIVISION 9, CCDOC (JAN 08 TO FEB 08)
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    L. DEFENDANT: JOHN AND JANE DOE'S

       TITLE: MEDICAL STAFF (MEDICAL ASSISTANTS, TECHNICIANS, PARAMEDICS) DIVISION 9, CCDOC
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

    M. DEFENDANT: MR. PATTON

       TITLE: PARAMEDIC, DIVISION 9, CCDOC
              CERMAK HEALTH SERVICES
       PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

N. Defendant: Ms. Leigh (7 AM to 3 PM shift)
Title: Cook County Sheriff's Correctional Officer, Division 9, CCDOC
 Cook County Department Of Corrections
Place Of Employment: 2700 S. California Av. / Chicago, Illinois / 60608

O. Defendant: Ms. Calvin (Sergeant Calvin) (7 AM to 3 PM shift) CCDOC
Title: Cook County Sheriff's Correctional Officer Sergeant, Division 9
 Cook County Department Of Corrections
Place Of Employment: 2700 S. California Av. / Chicago, Illinois / 60608

4

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: ? ? ?
William Dukes vs. Jesse White

B. Approximate date of filing lawsuit: SPRING 2002

C. List all plaintiffs (if you had co-plaintiffs), including any aliases:
WILLIAM DUKES

D. List all defendants: JESSE WHITE, THE ILLINOIS SECRETARY OF STATE

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ~~HILLSBORO~~ MONTGOMERY COUNTY, ILLINOIS

F. Name of judge to whom case was assigned: ? ? ?

G. Basic claim made: MANDAMUS. THE SECRETARY OF STATE'S OFFICE WAS MAINTAINING INACCURATE RECORDS OF CONVICTION PERTAINING TO THIS PLAINTIFF

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS ORIGINALLY DISMISSED AND I APPEALED. ON APPEAL CASE WAS DISMISSED FOR MOOTNESS AS THE DEFENDANT HAD CORRECTED SAID INACCURATE RECORDS THAT WAS THE BASIS OF THE MANDAMUS COMPLAINT

I. Approximate date of disposition: SUMMER/FALL 2003

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

IV. STATEMENT OF CLAIM :

1.* DEFENDANTS: DART, GODINEZ, SNOOKS, TURNER, MILLER, JOH/JANE DOE DIRECTOR C.Q.I. SERVICES, IN THEIR PERSONAL OND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY CAPACITIES BY ENSURING THAT THOSE HIRED TO SCHEDULE AND/OR RENDER ADEQUATE DENTAL TREATMENT TO THE PRETRIAL DETAINEES HOUSED BY THE COOK COUNTY DEPARTMENT OF CORRECTIONS (CCDOC) ACTUALLY PERFORMED THEIR DUTIES WHEN SAID DEFENDANTS BECAME PERSONALLY AWARE OF SAID EMPLOYEE'S DEFICIENT JOB PERFORMANCE;

* DEFENDANTS:JANE DOE DENTIST AND JANE DOE DENTAL ASSISTANT, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY REPEATEDLY REFUSED TO ALLOW PLAINTIFF ACCESS TO DENTAL TREATMENT FOR PROLONGED PERIODS OF TIME AND ALSO FOR NOT PROVIDING THE FOLLOW-UP CARE WHICH THEY THEMSELVES RECOMMENDED.

* PLAINTIFF WAS SEEN BY AN ORAL SURGEON IN MARCH OR APRIL OF 2006, HE RECOMMENDED THAT PLAINTIFF RECEIVE FOLLOW-UP CARE(TEETH CLEANING) DUE TO EXCESSIVE TARTAR/PLAQUE BUILD-UP. AFTER RECEIVING NO FOLLOW-UP CARE PLAINTIFF BEGAN EXPERIENCING PAIN FROM SORE AND BLEEDING GUMS AND SEVERAL REOCCURRING TOOTHACHES AT WHICH TIME THE PLAINTIFF BEGAN SUBMITTING NUMEROUS WRITTEN AND VERBAL REQUESTS FOR DENTAL TREATMENT. AFTER APPROXIMATELY TWO (2) MONTH OF RECEIVING NO RESPONSE , PLAINTIFF SUBMITTED WRITTEN REQUESTS FOR TREATMENT ON A DAILY BASIS FOR A WEEK AND AFTER RECEIVING NO RESPONSE PLAINTIFF UTILIZED THE CCDOC's GRIEVANCE PROCESS ON 23 AUG 06. IT WASN'T UNTIL SEPTEMBER OF 06 THAT THE PLAINTIFF AGAIN SAW THE DENTIST. AT THIS TIME THE PLAINTIFF WAS ONLY TREATED FOR ONE OF SEVERAL DENTAL PROBLEMS (THE SORE AND BLEEDING GUMS) AND WAS TOLD THAT ADDITIONAL TREATMENT FOR OTHER PROBLEMS WOULD BE SCHEDULED FOR ANOTHER DAY BECAUSE THE DENTIST WOULD ONLY TREAT ONE PROBLEM PER VISIT. BY DECEMBER 2006, PLAINTIFF AGAIN BEGAN EXPERIENCING THE PROBLEMS WITH SORE AND BLEEDING GUMS FOR WHICH PLAINTIFF ONLY RECEIVED PARTIAL TREATMENT DURING THE SEPTEMBER VISIT, AS WELL AS THE PROBLEMS WITH THE RE-OCCURRING TOOTH-ACHES WHICH WERE NOT TREATED DURING THE SEPTEMBER VISIT. PLAINTIFF BEGAN SUBMITTING WRITTN REQUESTS FOR DENTAL TREATMENT ON 12 DEC 06. IN ALL PLAINTIFF SUBMITTED REQUEST SLIPS ON: 12 DEC 06 ; 19 DEC 06 ; 03 JAN 07 ; 17 JAN 07 ; 24 JAN 07 ; 09 FEB 07 ; 22 FEB 07 ; AND 01 MAR 07. DURING THIS TIME PLAINTIFF ALSO MADE NUMEROUS VERBAL REQUESTS FOR DENTAL TREATMENT. PLAINTIFF UTILIZED THE CCDOC's GRIEVANCE PROCESS TWO (2) ADDITIONAL TIMES OVER THE LACK OF DENTAL TREATMENT ON 24 JAN 07 AND 14 MAR 07. ADDITIONALLY, PLAINTIFF HAD TWO COURT ORDERS ISSUED BY THE COOK COUNTY CIRCUIT COURT ON 13 MAR 07 AND 30 MAR 07 THAT WERE FILED

6

WITH THE CCDOC's RECORDS OFFICE ; PLAINTIFF ALSO MAILED LETTERS TO DEFENDANTS DART, GODINEZ, TURNER, MILLER, AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES ON 20 MAR 07.

* EACH OF THE ABOVE NAMED/IDENTIFIED DEFENDANTS ACTING UNDER COLOR OF STATE LAW WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS BY DENYING PLAINTIFF ACCESS TO DENTAL TREATMENT FOR PROLONGED PERIODS OF TIME AND AS A DIRECT RESULT OF SAID DENIAL PLAINTIFF SUFFERED THE FOLLOWINF INJURIES: UNNECESSARY PAIN , TOOTH DECAY , BONE LOSS , GUM DISEASE(PERIODONTAL DISEASE/RECEEDING GUMS) , AND GOUGED TEETH AS A RESULT OF DENTISTS INCOMPLETE TREATMENT. ALL OF THESE DESCRIBED INJURIES WILL REQUIRE PLAINTIFF TO ENDURE ADDITIONAL PAIN AND SUFFERING DUE TO THE ADDITIONAL TREATMENT REQUIRED TO REPAIR DAMAGE TO HIS TEETH DUE TO DEFENDANTS ACTS OR OMMISSIONS, AS WELL AS THE FINANCIAL EXPENSE OF THE ADDITIONAL TREATMENT. THE ABOVE NAMED/IDENTIFIED DEFENDANT'S ACTS AND/ OR OMMISSIONS WERE A VIOLATION OF PLAINTIFFS ESTABLISHED RIGHTS UNDER THE FIFTH , EIGHTH , AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION...

2. DEFENDANT: JOHN DOE DENTIST , IN HIS PERSONAL AND OFFICIAL CAPACITIES, USED EXCESSIVE FORCE IN DELIVERING DENTAL TREATMENT TO THE PLAINTIFF. SAID DEFENDANT RENDERED TREATMENT TO THE PLAINTIFF IN SUCH A WAY AS TO LEAVE NO DOUBT IN THE PLAINTIFF'S MIND THAT HE WAS BEING PUNISHED FOR HIS PERSISTENCE IN SEEKING DENTAL TREATMENT (i.e. REQUESTS, GRIEVANCES, LETTERS, COURT ORDERS, ETC.). AS A DIRECT RESULT OF SAID BRUTALLY DELIVERED DENTAL TREATMENT, PLAINTIFF HAS SUFFERED GOUGES TO HIS TEETH AT THE GUM LINE THAT HAVE CAUSED PLAINTIFF TO SUFFER A RECEEDING OF THE GUMS AT THE LOCATION OF SAID GOUGES (UPPER LEFT REAR TEETH). SAID GOUGES WILL REQUIRE PLAINTIFF TO ENDURE ADDITIONAL PAINFUL AND COSTLY FUTURE DENTAL TREATMENT IN ORDER TO REPAIR THE DAMAGED TEETH. AS A RESULT OF THE BRUTALLY PAINFUL TREAMENT DELIVERED TO THE PLAINTIFF BY SAID DEFENDANT THE PLAINTIFF, DESPITE CONTINUING DENTAL PROBLEMS, HAS BEEN PLACED IN FEAR OF SEEKING ANY ADDITIONAL DENTAL TREATMENT. SUCH USE OF EXCESSIVE FORCE BY SAID DEFENDANT VIOLATED PLAINTIFF'S RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

3. DEFENDANT'S SNOOKS, TURNER, SALAZAR, AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHICH POSED A SERIOUS RISK TO THE PLAINTIFF'S CURRENT AND FUTURE HEALTH WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY ROLES AND ENSURING THAT THE EMPLOYEES UNDER THEIR SUPERVISION PERFORMED THEIR JOB DUTIES BY PROVIDING THE PLAINTIFF

WITH MEDICATION THAT WAS PRESCRIBED FOR HIM AS A COURSE OF TREATMENT BY A MEDICAL DOCTOR. THIS FAILURE TO ENSURE THAT PLAINTIFF RECEIVED PRESCRIBED MEDICATION RENDERED PLAINTIFF UNABLE TO FOLLOW THE ISSUING DOCTORS INSTUCTIONS AND THEREBY RENDERED THE PLAINTIFF UNABLE TO FOLLOW THE PRESCRIBED COURSE OF TREATMENT BY TAKING SAID MEDICATIONS WHEN AND AS PRESCRIBED. DEFENDANTS: JOHN AND JANE DOE MEDICAL STAFF, AND PARAMEDIC MR. PATTON, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY FAILED/REFUSED TO PERFORM THEIR JOB DUTIES AND PROVIDE THE PLAINTIFF WITH MEDICATIONS THAT WERE PRESCRIBED TO THE PLAINTIFF BY A MEDICAL DOCTOR. SAID DEFENDANT'S RENDERED THE PLAINTIFF UNABLE TO FOLLOW A MEDICALLY ORDERED COURSE OF TREATMENT THAT WAS ORDERED BY A MEDICAL DOCTOR AND AS A DIRECT RESULT OF THIS MEDICATIONS DENIAL THE PLAINTIFF HAS SUFFERED THE FOLLOWING INJURIES: UNNECESSARY PAIN; EROSION OF THE LINING OF THE ESOPHOGUS, DUE TO PROLONGED LACK OF, OR INTERMITTENT SUPPLY, OF STOMACH-ACID REDUCING MEDICATION; HEMEROIDAL ENLARGEMENT DUE TO LACK OF FIBER MEDICATION WHICH WILL POTENTIALLY REQUIRE SURGICAL REMOVAL OF SAID HEMEROIDS; SLEEP APNEA ( (PERIODIC CESSATION OF BREATHING DURING SLEEP) DUE TO LACK OF NASAL DECONGESTANT SPRAY-SLEEP APNEA BEING A LEADING CAUSE OF HEART DISEASE, LACK OF CHLORESTEROL LOWERING MEDICATION WITH ELEVATED CHLORESTEROL LEVELS HAVING THE POTENTIAL TO CAUSE HEART DISEASE.

PLAINTIFF MADE ALL OF THE ABOVE NAMED/IDENTIFIED DEFENDANTS PERSONALLY AWARE OF HIS BEING DENIED PRESCRIBED MEDICATIONS AND/OR SPORADIC MEDICATION DELIVERY THROUGH: NUMEROUS VERBAL AND WRITTEN REQUESTS FOR PRESCRIBED MEDICATIONS; THE UTILIZATION OF THE GRIEVANCE PROCESS ON OR ABOUT THE FOLLOWING DATES: 21 DEC 05, 22 FEB 06, 14 MAR 06, 27 APR 06, AND 16 DEC 07; AND BY LETTERS SENT TO DEFENDANTS SALAZAR AND DIRECTOR C.Q.I. SERVICES ON 04 FEB 08 AND 03 MAR 08. SIAD DENIAL OF MEDICATION WAS/IS A VIOLATION OF THE PLAINTIFF'S ESTABLISHED RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS EACH OF THE ABOVE NAMED/ IDENTIFIED DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW.

4.        X

4. DEFENDANTS: SALAZAR AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES , IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEES PLACING PLAINTIFF'S CURRENT AND FUTURE HEALTH AT RISK WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY ROLES BY ENSURING THAT THE EMPLOYEES UNDER THEIR SUPERVISION ACTUALLY PERFORMED THEIR JOB DUTIES AND PROVIDED PLAINTIFF WITH THE MEDICAL ATTENTION THAT PLAINTIFF WAS/IS IN NEED OF ON A TIMELY BASIS.

DEFENDANTS: JOHN AND JANE DOE MEDICAL STAFF , PARAMEDIC MR. PATTON

IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTOIFF'S SERIUOUS MEDEICAL NEEDS WHICH POSED/POSES A SERIOUS RISK TO PLAINTIFF'S FUTURE HEALTH WHEN THEY FAILED/REFUSED TO SCHEDULE THE PLAINTIFF TO RECEIVE PROMPT MEDICAL ATTENTION FOR A BROKEN NOSE. PLAINTIFF WAS HIT IN THE NOSE ON 23 JAN 08, AND PLAINTIFF BEGAN ASKING FOR MEDICAL ATTENTION FROM DEFENDANT PATTON THE MORNING OF 24 JAN 08 WHICH WAS WHEN THE PLAINTIFF REALIZED THAT HIS NOSE WAS ACTUALLY BROKEN AND THAT HE NEEDED MEDICAL ATTENTION. PLAINTIFF WAS TOLD BY DEFENDANT PATTON "SUBMIT A REQUEST SLIP" AND DEFENDANT PATTON WALKED AWAY. PLAINTIFF IMMEDIATELY BEGAN SUBMITTING WRITTEN REQUEST SLIPS EVERY SHIFT( 3 TIMES DAILY). PLAINTIFF WAS NOT SEEN BY A MEDICAL DOCTOR UNTIL 28 JAN 08 AT WHICH TIME PLAINTIFF RECEIVED A ONE-WEEK SUPPLY OF AMOXICILLIN AND BENYDRILL. AT THIS TIME PLAINTIFF WAS ALSO SCHEDULED FOR X-RAYS OF HIS NOSE, AND X-RAYS WERE TAKEN ON 29 JAN 08. ALSO AT THIS TIME PLAINTIFF WAS TOLD BY THE DOCTOR TO COME BACK TO "SICK-CALL" IF PLAINTIFF WAS STILL EXPERIENCING BREATHING PROBLEMS AFTER A FEW DAYS. PLAINTIFF WASSTILL EXPERIENCING BREATHING PROBLEMS FOUR (4) DAYS LATER AND BEGAN ASKING TO AGAIN SEE THE DOCTOR(ASPLAINTIFF WAS INSTRUCTED TO DO BY SAID DOCTOR) BUT THE MEDICAL STAFF AND/OR PARAMEDIC PATTON REFUSED TO RESCHEDULE THE PLAINTIFF FOR FOLLOW UP CARE UNTIL 04 FEB 08.

DEFENDANT: DOCTOR KHAN, IN HIS PERSONAL AND OFFICIAL CAPACITY, WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN AS A COURSE OF TREATMENT FOR A BROKEN NOSE HE PRESCRIBED ANTI-BIOTICS AND ANTI-HISTAMINES - NEVER ONCE LOOKING INSIDE OF PLAINTIFF'S NOSE DESPITE NUMEROUS COMPLAINTS BY THE PLAINTIFF THAT HIS NASAL PASSAGES WERE BLOCKED. AGAIN ON THE 04 FEB 08 VISIT TO DOCTOR KHAN HE DID NOT ONCE LOOK INSIDE OF THE PLAINTIFF'S NOSE DESPITE PLAINTIFF'S COMPLAINTS OF BLOCKED NASAL PASSAGES AND AN INABILITY TO BREATH PROPERLY AND THE ONLY TREATMENT RECEIVED BY THE PLAINTIFF ON THE 04 FEB 08 VISIT WAS HIS BEING GIVEN A FEW DAYS SUPPLY OF TYLENOL AND SUDAFED. SAID FAILURE TO PROVIDE PROMPT AND ADEQUATE TREATMENT OF THE PLAINTIFF'S SERIOUS MEDICAL NEEDS FOR A BROKEN NOSE BY THE ABOVE NAMED/IDENTIFIED DEFENDANTS RESULTED IN THE PLAINTIFF SUFFERING THE FOLLOWING INJURIES: UNNECESSARY PAIN, A DEVIATED SEPTUM WHICH WILL REQUIRE THE PLAINTIFF TO ENDURE THE ADDITIONAL PAIN OF CORRECTIVE SURGURY AS WELL AS THE FINANCIAL EXPENSE SAID SURGURY WILL IMPOSE UPON THE PLAINTIFF. SAID DENIAL OF ADEQUATE MEDICAL TREATMENT FOR A SERIOUS MEDICAL CONDITION WHICH PLACED THE PLAINTIFF'S CURRENT AND FUTURE HEALTH AT RISK BEING A VIOLATION OF THE PLAINTIFF'S ESTABLISHED RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.....

5. Defendant Sergeant Calvin, In Her Personal And Official Capacity Was Deliberately Indifferent To The Plaintiff's Safety When She Failed To Properly Supervise Defendant Officer Leigh. Defendant Calvin's Failure To Ensure That Defendant Leigh Performed Her Assigned Duties Of Securing And Separating Detainees According To CCDOC Policy Facilitated An Attack Upon Plaintiff By Another Detainee (Detainee Andre Holmes). Said Attack Could Not Occured Had Plaintiff Been Secured In His Cell On Tier 3-D's Upper Deck While The Tier's Lower Deck Was Out Of Their Cells. Also Said Attack Could Not Have Occurred Had Defendant Calvin Ensured Defendant Leigh Was At Her Assigned Post - Tier 3-D's Observation Bubble Monitoring The Detainees Of Tier 3-D. The Date Of Said Attack On Plaintiff Was 03-25-08 At Approximately 12 Noon.

Defendant Officer Leigh, In Her Personal And Official Capacity Was Deliberately Indifferent To The Plaintiff's Saftey When She Left Tier 3-D's Observation Bubble For Approximately Two (2) Hours So She Could Spend Her Time Out In The Third Floor Core Of Division 9's North Tower Talking To The Core Officer (An Officer Dobine (ms.)). Defendant Leigh's Abandonment Of Her Post Forced Another Officer To Monitor Two (2) Tiers At A Time Which Facilitated The Attack On The Plaintiff By Detainee Andre Holmes. Said Deliberate Indifference Being A Violation Of Plaintiff's Fifth, Eighth And Fourteent Amendment Rights.

Defendants Calvin And Leigh Both In Their Official And Personal Capacities Showed Deliberate Indifference To Plaintiff's Saftey And As A Result Plaintiff Was Attacked By Detainee Andre Holmes And The Plaintiff Suffered The Following Injuries For Which He Had To Be Sent For Emergency Medical Attention At Cermak Health Services Within The CCDOC. 1. Plaintiff Suffered Severe Facial Bruising Which Swelled His Right Eye Shut; 2. Plaintiff Suffers Blurred Vision In His Right Eye; 3. Plaintiff Suffers From Headaches; 4. As With Any Eye Injury Plaintiff Is Now At Severe Risk Of Present And Future Vision Loss. Said Deliberate Indifference Being A Violation Of Plaintiff's Fifth, Eighth, And Fourteenth Amendment Rights.

Please Note That Defendant Calvin's Questioning Of Plaintiff As To What Had Happened In Front Of Other Detainees Forced Plaintiff To Originally Claim He Had Fallen In Order To Avoid Being Labled A "Snitch" By Other Detainees. A Situation That Would Have Led To Additional Problems For The Plaintiff.

10

It wasn't until Plaintiff was pulled out of his cell, away from any other detainees by Officer McGough, a Division 9 Incident Investigator that the Plaintiff was finally able to tell exactly what happened as to his being attacked by Detainee Holmes. On 25 March 2008 at appoximately 12 noon. Plaintiff's discussion with Officer McGough was at 6:45pm (or about) Again Plaintiff asserts Defendant's failed to protect his saftey through their acts and/or ommissions and as a result Plaintiff was attacked and suffered the above injuries.

## V. RELIEF SOUGHT:

PLAINTIFF IS SEEKING A DECLARATORY JUDGEMENT, INJUNCTIVE RELIEF, AND MONETARY DAMAGES IN THE FORMS OF NOMINAL, COMPENSATORY, AND PUNITIVE DAMAGES FOR (PAST, PRESENT, AND FUTURE) PHYSICAL, AS WELL AS MENTAL AND EMOTIONAL INJURIES SUFFERED BY THE PLAINTIFF DUE TO THE NAMED/IDENTIFIED DEFENDANTS' DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS. Plaintiff is also seeking reimbursment for costs and fees associated with this suit

## IV. THE PLAINTIFF DEMANDS THAT THE CASE BE TRIED BY A JURY. [XX] YES   [ ] NO

### CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT THE FACTS STATED IN THIS COMPLAINT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT CORRECT, I MAY BE SUBJECT TO SANCTIONS BY THE COURT.

SIGNED THIS  01  DAY OF  APRIL , 2008

_William Dukes_
(SIGNATURE OF PLAINTIFF)

WILLIAM   DUKES
(PRINT NAME)

#2005 - 0022546
(IDENTIFICATION NUMBER)

P. O. BOX 089002

CHICAGO , ILLINOIS   60608
(MAILING ADDRESS)

11