UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

MAY 8 2008
MAY 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WILLIAM DUKES
# 2005-0022546
P.O. BOX 089002

CHICAGO, ILLINOIS 60608

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**AMENDED COMPLAINT**

JUDGE COAR
MAGISTRATE JUDGE MASON

vs.

Case No: 0 8 - C - 2 1 6 3
(To be supplied by the Clerk of this Court)

THOMAS DART, SHERIFF
SALVADORE GODINEZ, EXECUTIVE DIRECTOR COOK COUNTY DEPARTMENT OF CORRECTIONS (CCDOC)
SUPERINTENDENT SNOOKS, (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
SUPERINTENDENT TURNER, (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
SUPERINTENDENT SALAZAR, (CURRENT) SUPERINTENDENT DIVISION 9, CCDOC
CHIEF MILLER, FORMER CHIEF OF SECURITY DIVISION 9,, CCDOC
JOHN/JANE DOE DIRECTOR C.Q.I. SERVICES, CERMAK HEALTH SERVICES
JANE DOE DENTAL TREATMENT PROVIDER (DENTIST)
JOHN DOE DENTAL TREATMENT PROVIDER (DENTIST)
XXXANEXDOEXDENTAXXASSISTANTXXX
DOCTOR KHAN MEDICAL TREATMENT PROVIDER (MEDICAL DOCTOR)
JOHN AND JANE DOE MEDICAL STAFF (MEDICAL ASSISTANTS, TECHNICIANS, PARAMEDICS) (DIVISION 9)
PARAMEDIC PATTON (MR.) DIVISION 9, CCDOC
MS. SHEILA LANGWORTHY, DENTAL ASSISTANT

INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,
DEFENDANTS

___XXX___   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
            U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
            28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: __WILLIAM DUKES__

   B. List all aliases: __N / A__

   C. Prisoner identification number: __# 2005 - 0022546__

   D. Place of present confinement: __COOK COUNTY DEPARTMENT OF CORRECTIONS__
   __P.O. BOX 089002__

   E. Address: __( 2600 S. CALIFORNIA AV.) / CHICAGO , ILLINOIS / 60608__

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: __THOMAS DART__

   Title: __SHERIFF , COOK COUNTY , ILLINOIS__

   Place of Employment: __COOK COUNTY SHERIFF'S DEPARTMENT DALEY CENTER, SUITE 704 / CHICAGO, ILLINOIS / 60602__

   B. Defendant: __SALVADORE GODINEZ__

   Title: __EXECUTIVE DIRECTOR COOK COUNTY DEPARTMENT OF CORRECTIONS__

   Place of Employment: __COOK COUNTY DEPARTMENT OF CORRECTIONS 2700 S. CALIFORNIA AV./CHICAGO , ILLINOIS /60608__

   C. Defendant: __SUPERINTENDENT SNOOKS__

   Title: __(PRIOR) SUPERINTENDENT , DIVISION 9__

   Place of Employment: __COOK COUNTY DEPARTMENT OF CORRECTIONS 2700 S. CALIFORNIA AV./CHICAGO , ILLINOIS / 60608__

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

2

II. DEFENDANTS (continued)

D. DEFENDANT: MR. TURNER

TITLE: (FORMER) SUPERINTENDENT DIVISION 9, CCDOC
COOK COUNTY DEPARTMENT OF CORRECTIONS
PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

E. DEFENDANT: MR. SALAZAR

TITLE: (CURRENT) SUPERINTENDENT DIVISION 9, CCDOC
COOK COUNTY DEPARTMENT OF CORRECTIONS
PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

F. DEFENDANT: MR. MILLER

TITLE: (FORMER) CHIEF OF SECURITY, DIVISION 9, CCDOC
COOK COUNTY DEPARTMENT OF CORRECTIONS
PLACE OF EMPLOYMENT: 2700 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

G. DEFENDANT: JOHN/JANE DOE

TITLE: DIRECTOR C.Q.I. SERVICES FOR CERMAK HEALTH SERVICES
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

H. DEFENDANT: JANE DOE

TITLE: DENTAL TREATMENT PROVIDER (DENTIST) DIVISION 9, CCDOC (MAR 06 TO APR 07)
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

I. DEFENDANT: JOHN DOE

TITLE: DENTAL TREATMENT PROVIDER (DENTIST) DIVISION 9, CCDOC (APR 2007)
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

J. DEFENDANT: JANE DOE XXXXXX MS. SHEILA LANGWORTHY

TITLE: DENTAL ASSISTANT, DIVISION 9, CCDOC (MAR 06 TO APR 07)
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

K. DEFENDANT: DOCTOR KHAN

TITLE: MEDICAL TREATMENT PROVIDER (DOCTOR) DIVISION 9, CCDOC (JAN 08 TO FEB 08)
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

L. DEFENDANT: JOHN AND JANE DOE'S

TITLE: MEDICAL STAFF (MEDICAL ASSISTANTS, TECHNICIANS, PARAMEDICS) DIVISION 9, CCDOC
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

M. DEFENDANT: MR. PATTON

TITLE: PARAMEDIC, DIVISION 9, CCDOC
CERMAK HEALTH SERVICES
PLACE OF EMPLOYMENT: 2800 S. CALIFORNIA AV. / CHICAGO, ILLINOIS / 60608

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: ? ? ?  William Dukes vs. Jesse White

B. Approximate date of filing lawsuit: SPRING 2002

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: WILLIAM DUKES

D. List all defendants: JESSE WHITE, THE ILLINOIS SECRETARY OF STATE

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): MONTGOMERY COUNTY, ILLINOIS

F. Name of judge to whom case was assigned: ? ? ?

G. Basic claim made: MANDAMUS. THE SECRETARY OF STATE'S OFFICE WAS MAINTAINING INACCURATE RECORDS OF CONVICTION PERTAINING TO THIS PLAINTIFF

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS ORIGINALLY DISMISSED AND I APPEALED. ON APPEAL CASE WAS DISMISSED FOR MOOTNESS AS THE DEFENDANT HAD CORRECTED SAID INACCURATE RECORDS THAT WAS THE BASIS OF THE MANDAMUS COMPLAINT

I. Approximate date of disposition: SUMMER/FALL 2003

IV. **STATEMENT OF CLAIM**.

THAT ALL OF THE ABOVE NAMED/IDENTIFIED DEFENDANTS WHILE ACTING UNDER COLOR OF STATE LAW KNOWINGLY VIOLATED PLAINTIFF'S ESTABLISHED CONSTITUTIONAL RIGHT TO RECEIVE ADEQUATE ATTENTION FOR SERIOUS MEDICAL NEEDS WHEN THEY COMMITTED THE FOLLOWING ACTS OR OMISSIONS:

- 4 -

1.* DEFENDANTS: DART, GODINEZ, SNOOKS, TURNER, MILLER, JOH/JANE DOE DIRECTOR C.Q.I. SERVICES, IN THEIR PERSONAL OND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY CAPACITIES BY ENSURING THAT THOSE HIRED TO SCHEDULE AND/OR RENDER ADEQUATE DENTAL TREATMENT TO THE PRETRIAL DETAINEES HOUSED BY THE COOK COUNTY DEPARTMENT OF CORRECTIONS (CCDOC) ACTUALLY PERFORMED THEIR DUTIES WHEN SAID DEFENDANTS BECAME PERSONALLY AWARE OF SAID EMPLOYEE'S DEFICIENT JOB PERFORMANCE;

* DEFENDANTS: JANE DOE DENTIST AND Ms. LANGWORTHY ~~JANE DOE~~ DENTAL ASSISTANT, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY REPEATEDLY REFUSED TO ALLOW PLAINTIFF ACCESS TO DENTAL TREATMENT FOR PROLONGED PERIODS OF TIME AND ALSO FOR NOT PROVIDING THE FOLLOW-UP CARE WHICH THEY THEMSELVES RECOMMENDED.

* PLAINTIFF WAS SEEN BY AN ORAL SURGEON IN MARCH OR APRIL OF 2006, HE RECOMMENDED THAT PLAINTIFF RECEIVE FOLLOW-UP CARE (TEETH CLEANING) DUE TO EXCESSIVE TARTAR/PLAQUE BUILD-UP. AFTER RECEIVING NO FOLLOW-UP CARE PLAINTIFF BEGAN EXPERIENCING PAIN FROM SORE AND BLEEDING GUMS AND SEVERAL REOCCURRING TOOTHACHES AT WHICH TIME THE PLAINTIFF BEGAN SUBMITTING NUMEROUS WRITTEN AND VERBAL REQUESTS FOR DENTAL TREATMENT. AFTER APPROXIMATELY TWO (2) MONTH OF RECEIVING NO RESPONSE, PLAINTIFF SUBMITTED WRITTEN REQUESTS FOR TREATMENT ON A DAILY BASIS FOR A WEEK AND AFTER RECEIVING NO RESPONSE PLAINTIFF UTILIZED THE CCDOC's GRIEVANCE PROCESS ON 23 AUG 06. IT WASN'T UNTIL SEPTEMBER OF 06 THAT THE PLAINTIFF AGAIN SAW THE DENTIST. AT THIS TIME THE PLAINTIFF WAS ONLY TREATED FOR ONE OF SEVERAL DENTAL PROBLEMS (THE SORE AND BLEEDING GUMS) AND WAS TOLD THAT ADDITIONAL TREATMENT FOR OTHER PROBLEMS WOULD BE SCHEDULED FOR ANOTHER DAY BECAUSE THE DENTIST WOULD ONLY TREAT ONE PROBLEM PER VISIT. BY DECEMBER 2006, PLAINTIFF AGAIN BEGAN EXPERIENCING THE PROBLEMS WITH SORE AND BLEEDING GUMS FOR WHICH PLAINTIFF ONLY RECEIVED PARTIAL TREATMENT DURING THE SEPTEMBER VISIT, AS WELL AS THE PROBLEMS WITH THE RE-OCCURRING TOOTH- ACHES WHICH WERE NOT TREATED DURING THE SEPTEMBER VISIT. PLAINTIFF BEGAN SUBMITTING WRITTN REQUESTS FOR DENTAL TREATMENT ON 12 DEC 06. IN ALL PLAINTIFF SUBMITTED REQUEST SLIPS ON: 12 DEC 06 ; 19 DEC 06 ; 03 JAN 07 ; 17 JAN 07 ; 24 JAN 07 ; 09 FEB 07 ; 22 FEB 07 ; AND 01 MAR 07. DURING THIS TIME PLAINTIFF ALSO MADE NUMEROUS VERBAL REQUESTS FOR DENTAL TREATMENT. PLAINTIFF UTILIZED THE CCDOC's GRIEVANCE PROCESS TWO (2) ADDITIONAL TIMES OVER THE LACK OF DENTAL TREATMENT ON 24 JAN 07 AND 14 MAR 07. ADDITIONALLY, PLAINTIFF HAD TWO COURT ORDERS ISSUED BY THE COOK COUNTY CIRCUIT COURT ON 13 MAR 07 AND 30 MAR 07 THAT WERE FILED

WITH THE CCDOC's RECORDS OFFICE ; PLAINTIFF ALSO MAILED LETTERS TO DEFENDANTS DART, GODINEZ, TURNER, MILLER, AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES ON 20 MAR 07.

* EACH OF THE ABOVE NAMED/IDENTIFIED DEFENDANTS ACTING UNDER COLOR OF STATE LAW WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS BY DENYING PLAINTIFF ACCESS TO DENTAL TREATMENT FOR PROLONGED PERIODS OF TIME AND AS A DIRECT RESULT OF SAID DENIAL PLAINTIFF SUFFERED THE FOLLOWINF INJURIES: UNNECESSARY PAIN , TOOTH DECAY , BONE LOSS , GUM DISEASE(PERIODONTAL DISEASE/RECEEDING GUMS) , AND GOUGED TEETH AS A RESULT OF DENTISTS INCOMPLETE TREATMENT. ALL OF THESE DESCRIBED INJURIES WILL REQUIRE PLAINTIFF TO ENDURE ADDITIONAL PAIN AND SUFFERING DUE TO THE ADDITIONAL TREATMENT REQUIRED TO REPAIR DAMAGE TO HIS TEETH DUE TO DEFENDANTS ACTS OR OMMISSIONS, AS WELL AS THE FINANCIAL EXPENSE OF THE ADDITIONAL TREATMENT. THE ABOVE NAMED/IDENTIFIED DEFENDANT'S ACTS AND/ OR OMMISSIONS WERE A VIOLATION OF PLAINTIFFS ESTABLISHED RIGHTS UNDER THE FIFTH , EIGHTH , AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION...

2. DEFENDANT: JOHN DOE DENTIST , IN HIS PERSONAL AND OFFICIAL CAPACITIES, USED EXCESSIVE FORCE IN DELIVERING DENTAL TREATMENT TO THE PLAINTIFF. SAID DEFENDANT RENDERED TREATMENT TO THE PLAINTIFF IN SUCH A WAY AS TO LEAVE NO DOUBT IN THE PLAINTIFF'S MIND THAT HE WAS BEING PUNISHED FOR HIS PERSISTENCE IN SEEKING DENTAL TREATMENT (i.e. REQUESTS, GRIEVANCES, LETTERS, COURT ORDERS, ETC.). AS A DIRECT RESULT OF SAID BRUTALLY DELIVERED DENTAL TREATMENT, PLAINTIFF HAS SUFFERED GOUGES TO HIS TEETH AT THE GUM LINE THAT HAVE CAUSED PLAINTIFF TO SUFFER A RECEEDING OF THE GUMS AT THE LOCATION OF SAID GOUGES (UPPER LEFT REAR TEETH). SAID GOUGES WILL REQUIRE PLAINTIFF TO ENDURE ADDITIONAL PAINFUL AND COSTLY FUTURE DENTAL TREATMENT IN ORDER TO REPAIR THE DAMAGED TEETH. AS A RESULT OF THE BRUTALLY PAINFUL TREAMENT DELIVERED TO THE PLAINTIFF BY SAID DEFENDANT THE PLAINTIFF, DESPITE CONTINUING DENTAL PROBLEMS, HAS BEEN PLACED IN FEAR OF SEEKING ANY ADDITIONAL DENTAL TREATMENT. SUCH USE OF EXCESSIVE FORCE BY SAID DEFENDANT VIOLATED PLAINTIFF'S RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

3. DEFENDANT'S SNOOKS, TURNER, SALAZAR, AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHICH POSED A SERIOUS RISK TO THE PLAINTIFF'S CURRENT AND FUTURE HEALTH WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY ROLES AND ENSURING THAT THE EMPLOYEES UNDER THEIR SUPERVISION PERFORMED THEIR JOB DUTIES BY PROVIDING THE PLAINTIFF

WITH MEDICATION THAT WAS PRESCRIBED FOR HIM AS A COURSE OF TREATMENT BY A MEDICAL DOCTOR. THIS FAILURE TO ENSURE THAT PLAINTIFF RECEIVED PRESCRIBED MEDICATION RENDERED PLAINTIFF UNABLE TO FOLLOW THE ISSUING DOCTORS INSTUCTIONS AND THEREBY RENDERED THE PLAINTIFF UNABLE TO FOLLOW THE PRESCRIBED COURSE OF TREATMENT BY TAKING SAID MEDICATIONS WHEN AND AS PRESCRIBED.
DEFENDANTS: JOHN AND JANE DOE MEDICAL STAFF, AND PARAMEDIC MR. PATTON, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN THEY FAILED/REFUSED TO PERFORM THEIR JOB DUTIES AND PROVIDE THE PLAINTIFF WITH MEDICATIONS THAT WERE PRESCRIBED TO THE PLAINTIFF BY A MEDICAL DOCTOR. SAID DEFENDANT'S RENDERED THE PLAINTIFF UNABLE TO FOLLOW A MEDICALLY ORDERED COURSE OF TREATMENT THAT WAS ORDERED BY A MEDICAL DOCTOR AND AS A DIRECT RESULT OF THIS MEDICATIONS DENIAL THE PLAINTIFF HAS SUFFERED THE FOLLOWING INJURIES: UNNECESSARY PAIN; EROSION OF THE LINING OF THE ESOPHOGUS, DUE TO PROLONGED LACK OF, OR INTERMITTENT SUPPLY, OF STOMACH-ACID REDUCING MEDICATION; HEMEROIDAL ENLARGEMENT DUE TO LACK OF FIBER MEDICATION WHICH WILL POTENTIALLY REQUIRE SURGICAL REMOVAL OF SAID HEMEROIDS; SLEEP APNEA (PERIODIC CESSATION OF BREATHING DURING SLEEP) DUE TO LACK OF NASAL DECONGESTANT SPRAY-SLEEP APNEA BEING A LEADING CAUSE OF HEART DISEASE, LACK OF CHLORESTEROL LOWERING MEDICATION WITH ELEVATED CHLORESTEROL LEVELS HAVING THE POTENTIAL TO CAUSE HEART DISEASE.
PLAINTIFF MADE ALL OF THE ABOVE NAMED/IDENTIFIED DEFENDANTS PERSONALLY AWARE OF HIS BEING DENIED PRESCRIBED MEDICATIONS AND/OR SPORADIC MEDICATION DELIVERY THROUGH: NUMEROUS VERBAL AND WRITTEN REQUESTS FOR PRESCRIBED MEDICATIONS; THE UTILIZATION OF THE GRIEVANCE PROCESSS ON OR ABOUT THE FOLLOWING DATES: 21 DEC 05, 22 FEB 06, 14 MAR 06, 27 APR 06, AND 16 DEC 07; AND BY LETTERS SENT TO DEFENDANTS SALAZAR AND DIRECTOR C.Q.I. SERVICES ON 04 FEB 08 AND 03 MAR 08. SIAD DENIAL OF MEDICATION WAS/IS A VIOLATION OF THE PLAINTIFF'S ESTABLISHED RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS EACH OF THE ABOVE NAMED/ IDENTIFIED DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW.

4. DEFENDANTS: SALAZAR AND JOHN/JANE DOE DIRECTOR OF C.Q.I. SERVICES, IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEES PLACING PLAINTIFF'S CURRENT AND FUTURE HEALTH AT RISK WHEN THEY FAILED TO ACT IN THEIR SUPERVISORY ROLES BY ENSURING THAT THE EMPLOYEES UNDER THEIR SUPERVISION ACTUALLY PERFORMED THEIR JOB DUTIES AND PROVIDED PLAINTIFF WITH THE MEDICAL ATTENTION THAT PLAINTIFF WAS/IS IN NEED OF ON A TIMELY BASIS.
DEFENDANTS: JOHN AND JANE DOE MEDICAL STAFF, PARAMEDIC MR. PATTON

IN THEIR PERSONAL AND OFFICIAL CAPACITIES, WERE DELIBERATELY INDIFFERENT TO THE PLAINTOIFF'S SERIUOUS MEDEICAL NEEDS WHICH POSED/POSES A SERIOUS RISK TO PLAINTIFF'S FUTURE HEALTH WHEN THEY FAILED/REFUSED TO SCHEDULE THE PLAINTIFF TO RECEIVE PROMPT MEDICAL ATTENTION FOR A BROKEN NOSE. PLAINTIFF WAS HIT IN THE NOSE ON 23 JAN 08, AND PLAINTIFF BEGAN ASKING FOR MEDICAL ATTENTION FROM DEFENDANT PATTON THE MORNING OF 24 JAN 08 WHICH WAS WHEN THE PLAINTIFF REALIZED THAT HIS NOSE WAS ACTUALLY BROKEN AND THAT HE NEEDED MEDICAL ATTENTION. PLAINTIFF WAS TOLD BY DEFENDANT PATTON "SUBMIT A REQUEST SLIP" AND DEFENDANT PATTON WALKED AWAY. PLAINTIFF IMMEDIATELY BEGAN SUBMITTING WRITTEN REQUEST SLIPS EVERY SHIFT( 3 TIMES DAILY). PLAINTIFF WAS NOT SEEN BY A MEDICAL DOCTOR UNTIL 28 JAN 08 AT WHICH TIME PLAINTIFF RECEIVED A ONE-WEEK SUPPLY OF AMOXICILLIN AND BENYDRILL. AT THIS TIME PLAINTIFF WAS ALSO SCHEDULED FOR X-RAYS OF HIS NOSE, AND X-RAYS WERE TAKEN ON 29 JAN 08. ALSO AT THIS TIME PLAINTIFF WAS TOLD BY THE DOCTOR TO COME BACK TO "SICK-CALL" IF PLAINTIFF WAS STILL EXPERIENCING BREATHING PROBLEMS AFTER A FEW DAYS. PLAINTIFF WASSTILL EXPERIENCING BREATHING PROBLEMS FOUR (4) DAYS LATER AND BEGAN ASKING TO AGAIN SEE THE DOCTOR(ASPLAINTIFF WAS INSTRUCTED TO DO BY SAID DOCTOR) BUT THE MEDICAL STAFF AND/OR PARAMEDIC PATTON REFUSED TO RESCHEDULE THE PLAINTIFF FOR FOLLOW UP CARE UNTIL 04 FEB 08.

DEFENDANT: DOCTOR KHAN, IN HIS PERSONAL AND OFFICIAL CAPACITY, WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHEN AS A COURSE OF TREATMENT FOR A BROKEN NOSE HE PRESCRIBED ANTI-BIOTICS AND ANTI-HISTAMINES – NEVER ONCE LOOKING INSIDE OF PLAINTIFF'S NOSE DESPITE NUMEROUS COMPLAINTS BY THE PLAINTIFF THAT HIS NASAL PASSAGES WERE BLOCKED. AGAIN ON THE 04 FEB 08 VISIT TO DOCTOR KHAN HE DID NOT ONCE LOOK INSIDE OF THE PLAINTIFF'S NOSE DESPITE PLAINTIFF'S COMPLAINTS OF BLOCKED NASAL PASSAGES AND AN INABILITY TO BREATH PROPERLY AND THE ONLY TREATMENT RECEIVED BY THE PLAINTIFF ON THE 04 FEB 08 VISIT WAS HIS BEING GIVEN A FEW DAYS SUPPLY OF TYLENOL AND SUDAFED. SAID FAILURE TO PROVIDE PROMPT AND ADEQUATE TREATMENT OF THE PLAINTIFF'S SERIOUS MEDICAL NEEDS FOR A BROKEN NOSE BY THE ABOVE NAMED/IDENTIFIED DEFENDANTS RESULTED IN THE PLAINTIFF SUFFERING THE FOLLOWING INJURIES: UNNECESSARY PAIN, A DEVIATED SEPTUM WHICH WILL REQUIRE THE PLAINTIFF TO ENDURE THE ADDITIONAL PAIN OF CORRECTIVE SURGURY AS WELL AS THE FINANCIAL EXPENSE SAID SURGURY WILL IMPOSE UPON THE PLAINTIFF. SAID DENIAL OF ADEQUATE MEDICAL TREATMENT FOR A SERIOUS MEDICAL CONDITION WHICH PLACED THE PLAINTIFF'S CURRENT AND FUTURE HEALTH AT RISK BEING A VIOLATION OF THE PLAINTIFF'S ESTABLISHED RIGHTS UNDER THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.....

## V. RELIEF SOUGHT

1. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES ;

2. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS:

   A. THOMAS DART
   B. SALVADORE GODINEZ
   C. SUPERINTENDENT SNOOKS (MR.)
   D. SUPERINTENDENT TURNER (MR.)
   E. SUPERINTENDENT SALAZAR (MR.)
   F. CHIEF MILLER (MR.)
   G. JOHN/JANE DOE DIRECTOR C.Q.I. SERVICES
   H. JANE DOE DENTIST
   I. JOHN DOE DENTIST
   ~~J. JANE DOE DENTAL ASSISTANT~~
   K. DOCTOR KHAN, MEDICAL DOCTOR
   L. JOHN AND JANE DOE MEDICAL STAFF
   M. PARAMEDIS PATTON (MR.)
   J. MS. SHEILA LANGWORTHY, DENTAL ASSISTANT

   TO:

   A. PROVIDE PLAINTIFF WITH ADEQUATE AND TIMELY MEDICAL AND DENTAL ATTENTION ON A CONTINUOUS BASIS;

   B. PROVIDE PLAINTIFF'S PRESCRIBED MEDICATIONS ON TIME ON A CONTINUOUS BASIS SO HE CAN TAKE SAID MEDICATION IN ACCORDANCE WITH MEDICALLY ORDERED COURSES OF TREATMENT;

   C. REFRAIN FROM RETALIATION AGAINST OR PUNISHING PLAINTIFF IN ANY WAY FOR FILING THIS SUIT

3. COMPENSATORY DAMAGES IN THE AMOUNT TO BE DETERMINED BY A JURY AGAINST EACH DEFENDANT , JOINTLY AND SEVERALLY;

4. PUNATIVE DAMAGES IN THE AMOUNT TO BE DETERMINED BY A JURY AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY;

5. PLAINTIFF'S COST IN THIS SUIT;

6. PLAINTIFF'S ATTORNEY FEES IN THIS SUIT;

7. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST , PROPER , AND EQUITABLE;

VI.  THE PLAINTIFF DEMANDS THAT THIS CASE BE TRIED BY A JURY

CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT THE FACTS STATED IN THIS COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND INFORMATION AND BELIEF. I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT CORRECT, I MAY BE SUBJECT TO SANCTIONS BY THE COURT.

SIGNED THIS **30** DAY OF **APRIL**, 2008

_William Dukes_
(SIGNATURE OF PLAINTIFF)

WILLIAM  DUKES
PRINT NAME

#2005-0022546
IDENTIFICATION NUMBER

P.O.  BOX  089002

CHICAGO, ILLINOIS  60608
MAILING ADDRESS