# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2163 | **DATE** | May 27, 2008 |
| **CASE TITLE** | William Dukes (2005-0022546) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff William Dukes' motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to deduct $8.50 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Jail, Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Plaintiff's motion to file an amended complaint [6] is granted; however, the amended complaint is dismissed without prejudice to plaintiff submitting within 30 days of the date of this order a second amended civil rights complaint (plus a judge's copy and service copies) in accordance with the instructions in this order. Failure to submit a second amended complaint within 30 days will result in dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send an amended complaint form, filing instructions, and a copy of this order, to plaintiff.

■ [**For further details see text below.**]                            Docketing to mail notices.

## STATEMENT

      Plaintiff, William Dukes (2005-0022546), an inmate at the Cook County Jail proceeding *pro se*, has filed a 42 U.S.C. § 1983 civil rights amended complaint against Sheriff Tom Dart, several Cook County Jail superintendents, unnamed dentists, dental assistant Sheila Langworthy, a paramedic (Patton), and Dr. Khan. Plaintiff asserts that the defendants acted with deliberate indifference with respect to his dental needs, his broken nose, and his ability to obtain medication.

      The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $8.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and the Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred to another facility.

**(CONTINUED)**

                                           isk

**STATEMENT (continued)**

     Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Plaintiff's amended complaint alleges three separate sets of claims against different defendants. Plaintiff asserts the following: Tom Dart, Superintendents Turner and Miller, a dentist and a dental assistant acted with deliberate indifference to plaintiff's dental needs; Superintendents Snooks, Turner, and Salazar failed to supervise their employees with providing medication to plaintiff for his cholesterol, stomach, hemorrhoids, and other conditions; defendants Patton (a paramedic) and Dr. Khan acted with deliberate indifference to plaintiff's broken nose that occurred in January 2008 (plaintiff's amended complaint no longer asserts that a sergeant and jail officer failed to protect plaintiff by keeping him separate from other inmates). Plaintiff may not proceed with all his claims in this suit. A plaintiff may not assert unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits). Even though there is some overlap with some of the defendants and some of the claims, such an overlap is too minor to warrant bringing these claims in the same suit.

     Accordingly, the instant complaint is dismissed without prejudice to plaintiff submitting a second amended civil rights complaint. If plaintiff wants to proceed with this case, within 30 days of the date of this order, he must submit a second amended complaint that asserts only one of these claims and names only the defendants personally involved with that claim. If plaintiff wants to pursue his other claims, he must raise them in separate civil rights complaints. The clerk shall forward to plaintiff an amended civil rights complaint form. Failure to submit a second amended complaint within 30 days will result in dismissal of this case.

     Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge and a sufficient number of copies for service on each defendant named in the amended complaint. Plaintiff is advised that an amended complaint supersedes prior complaints and must stand complete on its own. The court will not refer back to the prior complaints, and plaintiff should include all of the allegations related to his claim and name all of the defendants related to that claim in the second amended complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is further advised that several defendants in the amended complaint are named only in their supervisory roles for the actions of their subordinates. Such assertions do not state valid § 1983 claims. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (supervisory officials may not be held liable for the actions of subordinate officers under a theory of respondeat superior). If plaintiff submits an amended complaint, he should name as defendants only those individuals personally involved with the alleged constitutional violation.

     The court denies without prejudice plaintiff's motion for the appointment of counsel. Plaintiff has not demonstrated that he has attempted unsuccessfully to obtain representation or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his competence, at least at this stage, to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Dated: May 27, 2008                                                                             /s/David H. Coar
                                                                                                  David H. Coar, U.S. District Judge