# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2163 | **DATE** | July 30, 2008 |
| **CASE TITLE** | William Dukes (2005-0022546) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed with his amended complaint [16]. The clerk is directed to issue summons for service of the amended complaint by the U.S. Marshal on the following defendants: Anthony Maverick, Melvin Jenkins, Patton, Lacey, and Brittman. The other defendants are dismissed. The clerk shall send a magistrate judge consent form and filing instructions along with a copy of this order to plaintiff. Plaintiff's duplicate amended complaint [12] is stricken.

■ [**For further details see text below.**]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, William Dukes (2005-0022546), an inmate at the Cook County Jail, has submitted an amended complaint as instructed in the Court's May 28, 2008 order. Plaintiff submitted the amended complaint twice – once at the same time the Court granted plaintiff an extension of time to file it, and then again just after the Court entered the extension-of-time order. The Court will consider the later filed amended complaint.

In plaintiff's prior complaint, he sought to raise unrelated claims against different defendants. His current complaint seeks relief for defendants' failure to ensure that plaintiff received his medication in jail. Specifically, plaintiff states that he has been unable to obtain his medication for an acid-reflux condition, hemorrhoids, a cholesterol condition, and a sinus condition. Plaintiff states that he submitted grievances and wrote letters to the defendants, but that they repeatedly ignored his complaints, and thus condoned the actions of their subordinates by not intervening.

Preliminary review of the current amended complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff has sufficiently stated a claim of deliberate indifference against the defendants with respect to plaintiff's contentions that he was unable to receive his medications. *See Ross v. Town of Austin, Ind.,* 343 F.3d 915, 918 (7th Cir. 2003); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir.2000). A more detailed record may show that plaintiff's claims are without merit; however, the defendants must respond to the allegations in the current complaint. **(CONTINUED)**

isk

**STATEMENT (continued)**

The clerk shall issue summonses for Anthony Maverick, Melvin Jenkins, Patton, Lacey, and Brittman. The other defendants listed in plaintiff's prior complaint are dismissed.

The United States Marshals Service is appointed to serve defendants, Cook County Jail officials Anthony Maverick, Melvin Jenkins, Patton, Lacey, and Brittman. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Jail officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

July 30, 2008                    /s/David H. Coar

                                 David H. Coar, U.S. District Judge