# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2163 | **DATE** | 09/04/2008 |
| **CASE TITLE** | William Dukes (2005-0022546) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for an emergency injunction [19] is denied as moot. Plaintiff's motion for an injunction to prevent his transfer from Cook County Jail to another facility [25] is denied without prejudice to plaintiff raising his retaliation claim in either an amended complaint in this case or in a separate suit. Plaintiff's motion for reconsideration of the Court's denial of counsel [27] is denied.    /s/David H. Coar

David H. Coar, U.S. District Judge

Docketing to mail notices.

## STATEMENT

William Dukes, previously incarcerated at Cook County Jail, has been transferred to the Jefferson County Jail. Plaintiff's motion for an emergency injunction for Cook County officials to provide Plaintiff with his medications is denied as moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Martin v. Davis*, 917 F.2d 336, 339 (7th Cir. 1990). To the extent plaintiff seeks to raise a similar claim for injunctive relief at the Jefferson County Jail, he must file a separate cause of action in a state or federal court in the judicial district where Jefferson County is located. Jefferson County is located in the Southern District of Illinois.

Plaintiff's motion for injunctive relief to undo his transfer to Jefferson County Jail is denied without prejudice. An inmate does not have a constitutional right to the location of his incarceration. *See Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982); *Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000). Plaintiff's claim that he was transferred because he filed this suit or other claims may state valid a § 1983 retaliation claim, *Higgason v. Farley*, 83 F.3d 807, 810-11 (7th Cir. 1996), and plaintiff may seek either to amend his current suit with a retaliation claim or to file a separate suit to raise this claim. However, he has not made the requisite showing for injunctive relief. *See AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 803-05 (7th Cir. 2002).

Plaintiff's motion for the Court to reconsider its prior refusal to appoint counsel is denied. For the reasons stated by the Court in its May 27, 2008 order, plaintiff's case does not warrant such an appointment at this time. The defendants have not yet been served and the case currently does not involve complex issues or discovery.

isk